JOHN DOE, *ex dem.* EWING WILEY *et al.,* plaintiff in error, *v.*
JOHN BEAN *et al.,* defendants in error.

### *Error to Adams.*

An Auditor's deed, made in pursunnce of the provisions of the Revenue Act of
1827, is not admissible in evidence without preliminary proof that the pre-
requisites of the statute have been complied with.

The directions of the Legislature in relation to the acknowledgment of deeds
were intended to prevent one individual from personating another. Where a
certificate recited that the grantor was personally known to the certifying offi-
cer to bĕ the person who executed the deed, it was *held* to be clearly a compli-
ance with the object contemplated by the statute.

Whenever there is a subscribing witness to the execution of a deed, it is not
necessary to produce the witness on the trial, unless he is within the reach of
the process of the Court. If he is not within the State at the time of the trial,
proof *aliunde* of the hand writing of the subscribing witness and the grantor
is admissible.

The Revenue Act of 1827 authorizes the Auditor to convey land sold for taxes,
either to the purchaser or his assignee, and the Auditor's deed to an assignee
is *prima facie* evidence of the assignment.

EJECTMENT, in the Adams Circuit Court, at the September
term 1840, before the Hon. Peter Lott and a jury, brought by
the present plaintiff against the defendants, for the recovery
of the S. W. 11, 3 S. 8 W. of the fourth principal meridian.
The evidence for the defence, to the admission of which the
plaintiff objected, appears in the Opinion of the Court. The
objections of the plaintiff were overruled, and a verdict ren-
dered, and judgment entered thereon for the defendants.

*A. Williams & A. Johnston,* for the plaintiff in error.

*O. H. Browning & N. Bushnell,* for the defendants in error.

The Opinion of the Court was delivered by

LOCKWOOD, J. This was an action of *ejectment* brought
by the plaintiff against the defendants in the Adams Circuit
Court to recover the possession of the South West quarter
of section eleven (11), in township three (3) south, and
range eight (8) west. The action was commenced at the

April term 1838, and the declaration contains demises from several persons. The cause was tried by a jury who rendered a verdict for the defendants, and judgment thereupon against the plaintiffs for costs.

On the trial of the cause, a bill of exceptions was taken, which contains the following facts, to wit: that the defendants admitted that they had possession of the premises in the declaration mentioned at the time the suit was commenced. The plaintiff then proved title in the lessors named in the second demise of said declaration, and then rested his cause.

The defendants then offered to read in evidence to the jury a deed from the Auditor of Public Accounts to John Tillson jr., dated 29th of January, 1831, for the tract of land in question.   This deed recites, that on the 7th day of January, 1829, in conformity with all the requisitions of the several acts in such case made and provided, the Auditor exposed to public sale the tract of land aforesaid for the sum of $1·84, being the amount of the tax, interest and cost for the year 1828, and that S. Shaw offered to pay the aforesaid sum for the whole of said tract, which was the least quantity bid for, and that said S. Shaw had paid $1·84 into the treasury of the State.   The deed then grants, bargains and sells the said tract of land to John Tillson jr. assignee of S. Shaw, his heirs and assigns.   The offer to read this deed was not accompanied with any other proof than the plaintiff's admission that it was executed by the Auditor.   To the admission of this deed in evidence the plaintiff objected, but the Court overruled the objection and allowed the said deed to be read as evidence to the jury, to which the plaintiff excepted.   The defendants then offered a deed in evidence from John Tillson, jr. to Walter Mead, dated the 14th day of March, 1831, for the tract of land in dispute.   The certificate of acknowledgment written on said deed states, that on the 14th of March, 1831, the within named John Tillson jr. personally known to the officer taking the acknowledgment to be the person who executed the within and foregoing instrument of writing, personally appeared before said officer and acknowledged the said instrument to be his free act and deed for the uses and

purposes therein mentioned, which deed was duly recorded in the State Recorder's office, on the 11th of June, 1831. This deed was allowed to be read subject to exception. The defendants then offered a deed in evidence from Walter Mead to Josiah Thompson, dated on the 19th day of March, 1834, for the land in controversy. The defendants proved by two witnesses the signatures of the grantor and subscribing witness to the deed. The defendants also proved by said witnesses, that, at the time, they knew the subscribing witness to the deed; that he resided in the city of New York, and talked of going South for his health, but that they did not know whether he still resided in New York or not; that said subscribing witness had never resided in this State, and that they felt confident that he was not, at the time of the trial, in this State. The plaintiff objected to the admission of the deed in evidence, but the Court overruled the objection, and the deed was read in evidence, to which the plaintiff excepted. The defendants produced other evidence which it is not material to notice.

The following errors are assigned, to wit:

1st. In admitting in evidence the Auditor's deed;

2nd. In admitting in evidence the deed from Tillson to Mead; and

3rd. In admitting the deed from Mead to Thompson.

The sale by the Auditor was in pursuance of the Act entitled, *"An Act to provide for raising a revenue,"* passed March 1, 1827. The Auditor's deed was not admissible in evidence without preliminary proof that the pre requisites of the statute had been complied with. This point was decided by this Court in the cases of *Garrett* v. *Wiggins,* 1 Scam. 335, and *Doe,* ex dem. *Hill et al.* v. *Leonard,* 4 Scam. 140.

The decision of this point necessarily reverses the judgment, but as the cause will have to be remanded for re-trial, it becomes necessary to dispose of the question whether the deed from Tillson to Mead was correctly acknowledged, and the proof sufficient to justify the reading of the deed from Mead to Thompson. The acknowledgment of Tillson's deed was sufficient. This Court held in the case of *McConnell* v.

*Reed,* 2 Scam. 334, that "the evident object of the legislature, in these directions in relation to acknowledgment of deeds, is to prevent one person from personating another." The officer certifies that Tillson was personally known to him to be the person who executed the deed. This clearly is in compliance with the object contemplated by the statute.

The parol proof of the execution of the deed from Mead to Thompson was also sufficient. Whenever there is a subscribing witness to the execution of a deed, it is not necessary to produce the witness on the trial, unless he is within the reach of the process of the Court. The subscribing witness not being in this State at the time of the trial, warranted the proof of the hand-writing of the subscribing witness and the grantor.

It may become a question in the further progress of this cause, the Auditor's deed having been made to Tillson as assignee of Shaw, whether it is not necessary to prove, *aliunde* the deed, that Shaw had assigned his bid at the sale to Tillson. The Revenue Act of 1827 authorizes the Auditor to convey the land, either to the purchaser or his assignee; but does not prescribe what evidence shall be furnished the Auditor that the bid has been assigned. The decision in the case of *Garrett* v. *Wiggins,* before cited, was, that a party, before he can read the Auditor's deed in evidence, must introduce proof that the prerequisites of the statute had been complied with before the sale. This rule is intended to protect the owners of real estate from being divested of their title contrary to the forms of law. After, however, a regular and legal sale of land for taxes, the only right that remains in the owner of the land is that of redemption; but whether the Auditor conveys to the purchaser, or his assignee, does not, in the slightest degree, affect the interests of the owner. In either event he loses his land unless he redeems. We can, therefore, see no good reason why the Auditor's deed should not be *prima facie* evidence of an assignment.

The judgment below is reversed with costs, and the cause remanded with instructions to award a *venire de novo.*

*Judgment reversed.*